UNITED STATES of America, Plaintiff,

v.

**Pravin D. THAKKAR, Defendant.**

No. IP 89–66–CR.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Oct. 11, 1989.

Jeffrey Lockwood, Anderson, Ind., James H. Voyles, Dennis E. Zahn, Ober, Symmes, Cardwell, Voyles & Zahn, Indianapolis, Ind., for plaintiff.

James M. Warden, Asst. U.S. Atty., Office of the U.S. Attorney, Indianapolis, Ind., for defendant.

### ENTRY

BARKER, District Judge.

The defendant in this case, Mr. Thakkar, has moved the court, pursuant to Federal Rules of Criminal Procedure 12(b)(2), to dismiss an indictment against him. On May 31, 1989, a grand jury indicted Mr. Thakkar under 31 U.S.C. § 5324 and 31 U.S.C. § 5322(b). These statutes make it illegal for individuals to structure financial transactions for the purpose of evading reporting requirements. The defendant argues that the indictment must be dismissed because it fails to state a punishable offense, and because section 5324 is unconstitutionally vague. For the reasons stated below, the motion is DENIED.

### Statutory Framework

■ Section 5324 provides, in relevant part, that

No person shall for the purpose of evading the reporting requirements of section 5313(a) with respect to such transaction—

(3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

31 U.S.C. § 5324. Section 5313(a), referenced in the statute above, authorizes the Secretary of the Treasury to promulgate regulations requiring that transactions involving specified amounts or circumstances be reported. One such regulation provides that transactions involving "more than $10,000" must be reported. 31 C.F.R. § 103.22(a).[1] Read in conjunction with one another, these statutes and regulations proscribe structuring transactions involving over $10,000 with the purpose of preventing the transaction from being reported by the financial institution or institutions concerned. Willful violations of section 5324 are criminal. 31 U.S.C. § 5322. The indictment at issue charges Mr. Thakkar with more than a dozen violations of this statutory framework.

### Discussion

■ The defendant's first challenge to the indictment is that it fails to state a

---

1. 31 C.F.R. § 103.22(a) further provides that "[m]ultiple currency transactions shall be treated as a single transaction if the financial institution has knowledge that they are by or on behalf of any person and result in either cash in or cash out totalling more than $10,000 during any one business day."

punishable offense. Specifically, he contends that section 5324 proscribes only those structured transactions that are designed to conceal underlying criminal activity; absent some predicate crime, "this statute cannot be used to prosecute an individual for withdrawing his own legitimately earned funds for whatever lawful purpose he intends." (Defendant's Memorandum in Support of Motion to Dismiss, p. 1). According to the defendant, the legislative history indicates that Congress only intended the statute to reach money-laundering connected with drug trade, drug traffickers, and tax evaders. While such felons may indeed have been Congress's principal targets, the defendant errs in maintaining that underlying criminal activity is an "implicit" element of a section 5324 violation. It is for Congress, not the courts, to prescribe the elements of a criminal offense; to add "implicit" elements to a crime is beyond the competence and authority of Article III courts. The government has adequately alleged all the elements necessary to establish a section 5324 violation.[2] Failure to allege facts irrelevant to the charge cannot serve as a basis for dismissal.

It should also be noted that the legislative history itself controverts the defendant's arguments. In testimony before the Senate Committee on Banking, Housing, and Urban Affairs, Deputy Assistant Attorney General Knapp stated that section 5324 would outlaw "*all forms* of structuring currency transactions for the purpose of evading the Bank Secrecy Act's reporting requirements."[3] (emphasis added) (*quoted in United States v. Scanio*, 705 F.Supp. 768, 771 (W.D.N.Y.1988)). Con-

gress wanted to close the perceived loopholes in the Bank Secrecy Act, and it did so in section 5324 by criminalizing the evasive structuring itself, independent of any other criminal activity.[4] The defendant contends that such a reading of the statute is too open-ended because it would permit prosecuting individuals who make innocuous transactions of legitimately earned monies. This argument lacks force, however, because it overlooks the statute's scienter element. Unwary people will not be inadvertently trapped because the statute criminalizes only those transactions which are structured *with the purpose* of evading the reporting requirements; "[i]t is this requirement which shields innocent conduct from prosecution." Senate Hearing 99–962 on S. 571 and S. 2306, at 136–37 (written response of Deputy Assistant Attorney General Knapp to questions of Senator D'Amato). Thus the scienter requirement provides parameters to the statute's scope, ensuring that criminality will only attach where there is *mens rea.*

Finally, and most importantly, even were the legislative history to support the defendant's arguments (and it does not), it could not supersede the plain language of the statute. *See Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 110, 103 S.Ct. 986, 990, 74 L.Ed.2d 845 (1983). The statute clearly condemns the act of evasive structuring, regardless of whether the money involved is "dirty" or not.[5] It is hard to imagine how the language could be clearer. If Congress had intended that structuring for the purpose of evading reporting requirements would be illegal only when connected to other criminal conduct, it could easily have done so. The fact that additional penalties are available when oth-

---

**2.** An indictment need only contain the essential elements of the offense charged. *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974).

**3.** The Drug Money Seizure Act and the Bank Secrecy Act Amendments: Hearing on S. 571 and S. 2306 Before the Committee on Banking, Housing, and Urban Affairs of the United States Senate, 99th Cong. 2d Sess. (S.Hrg. 99–692) at 62 (May 1, 1986).

**4.** "The proposed legislation corrects these problems by making the act of structuring, for the purpose of evading the CTR reporting requirements, a crime." *Id.* at 49 (prepared statement of Internal Revenue Service Assistant Commissioner Richard L. Wassenaar).

**5.** The Eleventh Circuit, construing 31 U.S.C. § 5313, has noted that the currency involved in a structured transaction need not be "dirty" to support criminal charges. *United States v. Ridgon*, 874 F.2d 774, 777 (11th Cir.1989).

er criminal activity is involved[6] underscores the position that such activity is not normally an element of a section 5324 violation.

For the reasons stated above, this court finds that the indictment does state a punishable offense, and cannot be dismissed for not alleging that the proscribed structuring was connected with other illegal conduct.

■ The defendant's second argument is that the indictment should be dismissed because it is unconstitutionally vague. A vagueness challenge should be sustained "only if the enactment is impermissably vague in all of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). Therefore the challenger can succeed only if he can shoulder this burden. *United States v. Salerno,* 481 U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

■ First, the defendant maintains that section 5324 is unconstitutionally vague because it does not prescribe a time limit over which the illegal structuring must occur.[7] A person of ordinary intelligence could thus be unwittingly trapped, the argument goes, because the statute fails to provide fair notice of the time frame within which the structuring activity must fall. This argument fails for several reasons. As mentioned above, the scienter requirement obviates any problems with snaring the obtuse. One cannot structure transactions with the *intent* of evading reporting requirements if one did not know such requirements existed. Another court faced with this identical issue ruled that

> [w]hile the statute does not limit structuring to any specific period of time, it is

undoubtedly true that evidence of duration, when considered with other innocent circumstances, will be highly probative of the lack of purposeful evasion. *United States v. Scanio,* 705 F.Supp. at 777. Furthermore the Supreme Court has noted that scienter requirements tend to "mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Village of Hoffman Estates,* 455 U.S. at 498–99, 102 S.Ct. at 1193. Finally, the term "structure" is defined in the Code of Federal Regulations as encompassing transactions conducted "on one or more days, in any manner." 31 C.F.R. § 103.11.[8] The very breadth of this definition enhances the statute's clarity. No room is left for pettifoggery or quibbling: *all* intentionally evasive structuring, conducted in *any* manner, is illegal. The focus is on the intent, not the method. While the defendant argues that a lenient reading of a criminal statute is preferable to a harsh one, the rule of lenity serves only to resolve ambiguities, not to beget them, *Callanan v. United States,* 364 U.S. 587, 596, 81 S.Ct. 321, 326, 5 L.Ed.2d 312 (1961), and does not justify narrowing an unambiguously broad statute. *See United States v. Hawley,* 855 F.2d 595, 602 (8th Cir.1988); *United States v. Goldberg,* 756 F.2d 949, 956 (2d Cir.1985), *cert. denied,* 472 U.S. 1009, 105 S.Ct. 2706, 86 L.Ed.2d 721 (1985). For all of these reasons, the defendant's contention that section 5324 is vague because it does not provide fair notice is unpersuasive.

■ The second vagueness argument is equally uncompelling. The defendant asserts in cursory fashion that section 5324 is susceptible to discriminatory enforcement. Again, the scienter requirement alleviates

---

6. Section 5322(b) provides that where the structuring is connected with other criminal violations or is part of a pattern of illegal activity, the violator is subject to more severe penalties.

7. The defendant also argues that section 5324 provides no fair notice concerning "what amounts of money the transactions may involve without triggering the reporting requirements." (Defendant's Motion, p. 9). This argument is spurious. 31 C.F.R. § 103.22(a)—the imple-

menting regulation for 31 U.S.C. § 5323 (which is specifically referenced in section 5324)—clearly states that the reporting requirements are triggered by transactions involving "more than $10,000."

8. This definition became effective January 19, 1989, and the events charged in the indictment occurred between March 22 and May 8 of 1989. Thus the defendant had adequate notice of the definition.

**1034**

any such problem. In *Wright v. New Jersey*, 469 U.S. 1146, 1151, 105 S.Ct. 890, 895 n. 5, 83 L.Ed.2d 906 (1985), Justice Brennan writing for a plurality noted that requiring mental culpability "guard[s] against capricious enforcement through the requirement that [the defendant] actually have intended the conduct" proscribed by the statute. *See also Scanio*, 705 F.Supp. at 777. Furthermore, the reporting requirements and the structuring provide objective criteria for administering the statute. *See Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605 (1974). Consequently there is no reason to find section 5324 unconstitutionally vague.

*Conclusion*

The defendant's motion to dismiss is DENIED.

It is so ORDERED.